IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTIN METZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-3247-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kristin Metz, a Texas prisoner, has filed a motion for extension of time to file an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated herein, the motion should be dismissed for want of jurisdiction.

Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, No. 3-01-CV-0305-M, 2001 WL 194974 at *1 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id.*, *citing Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977); *see also Mack v. Dretke*, No. 3-06-CV-0646-K, 2006 WL 1348719 at *1 (N.D. Tex. May 17, 2006). Until petitioner actually files a federal writ, there is no adverse party before the court. Nor is there a concrete dispute for the court to decide. Without a "case or controversy," the court lacks subject matter jurisdiction to grant any relief. *See Randle v.*

*Quarterman*, No. 3-09-CV-0368-K, 2009 WL 637179 at *1 (N.D. Tex. Mar. 9, 2009) (dismissing motion for extension of time to file section 2254 habeas petition for want of jurisdiction); *Mack*, 2006 WL 1348719 at *1 (same); *Wawak*, 2001 WL 194974 at *1 (same).[1]

## RECOMMENDATION

Petitioner's motion for extension of time to file an application for writ of habeas corpus should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although *pro se* pleadings must be liberally construed, the court is unable to treat petitioner's motion as an application for writ of habeas corpus because she does not specify any grounds for relief. *See* Rules Governing Section 2254 Cases, Rule 2(c).